IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALCIBIADES TORNE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-143-O |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Alcibiades Torne, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On January 27, 2009, pursuant to a plea agreement, Petitioner waived his right to a jury trial in the 372nd District of Tarrant County, Texas, pleaded guilty to one count of aggravated sexual assault of a child under 14 years of age, and was sentenced to 15 years' confinement in TDCJ. Admin. R., WR-74,521-02 at 49-54, ECF No. 11-7. Petitioner did not directly appeal his conviction or sentence. Pet. 3, ECF No. 1. Petitioner did however file two state habeas applications challenging his conviction. The first, filed on January 25, 2010, was denied by the Texas Court of

Criminal Appeals on August 22, 2012, without written order on the findings of the trial court.[1] Admin. R., WR-74,521-02 at cover, 12, ECF No. 11-7. The second, filed on September 24, 2013, and raising the claims presented herein, was dismissed by the Texas Court of Criminal Appeals on January 8, 2014, as successive. Admin. R., WR-74,521-03 at cover, 12, ECF No. 11-8. This federal petition for habeas relief challenging his conviction was filed on February 18, 2014.[2] Pet. 10, ECF No. 1.

Petitioner raises four grounds for relief, wherein he claims (1) newly discovered evidence–the videotaped interview of the child-victim and his sister's affidavit alleging she was told by the child's mother that Petitioner had no sexual contact with the child and that the videotape accused Petitioner of nothing–unquestionably establishes his actual innocence; (2) his actual-innocence coupled with the state's and his trial counsel's withholding of the videotape entitle him to relief; (3) his trial counsel was ineffective by allowing the state to use the "unlawfully gained" videotape to get a conviction; and (4) he has a free standing claim of actual innocence. Pet. at 6-7, ECF No. 1; Admin. R., WR-74,521-02 at 31; ECF No. 11-8.

Respondent asserts the petition is time-barred under the federal statute of limitations.

## II. DISCUSSION

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

---

[1] Petitioner's state habeas applications are deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The applications do not state the date Petitioner placed the documents in the prison mailing system, however the "Inmate's Declaration" in each application was signed by Petitioner on January 25, 2010, and September 24, 2013, respectively; thus, the Court deems the first state application filed on January 25, 2010, and the second filed on September 24, 2013.

[2] A federal habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The record does not reflect that any unconstitutional "State action" impeded Petitioner's efforts to file a federal application and there are no allegations that the Supreme Court has announced a new rule(s) applicable to petitioner's claims. On the other hand, Petitioner asserts the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence because the state withheld the videotaped interview of the child and his sister just recently spoke to the child's mother. The record reflects, however, that Petitioner was aware of and viewed the videotaped interview prior to trial.[3] Further, Petitioner was clearly aware of his guilt or innocence

---

[3] Petitioner's trial counsel testified *via* affidavit that she–

requested a special trip to the courtroom and access to the jury room while court was not in session

at the time he entered his plea. Because Petitioner fails to invoke subsections (B), (C) or (D), the general provision under subsection (A) applies to his case. Under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time Petitioner had for filing a timely notice of appeal on February 26, 2009, and closed one year later on February 26, 2010, absent any applicable tolling. TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's first state habeas application filed on January 25, 2010, operated to toll the limitations period for 941 days, or until September 25, 2012.[4] Petitioner's second state habeas application, however, filed on September 24, 2013, after limitations had already expired, did not operate to further toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner alleged or demonstrated rare and exceptional circumstances that would justify tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or, as in this case, he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013) (referencing 28 U.S.C. § 2244(d)(1)); *Holland v. Florida*, 560 U.S.

---

in order to allow the defendant an opportunity to view the videotaped interview of the complainant. I was allowed generous time by the court to review the videotape with the defendant and to further discuss his case and the evidence.

Admin. R., WR-74,521-02 at 30, ECF No. 11-7.

[4] 2012 was a leap year.

631 , 649 (2010). A petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 133 S. Ct. at 1928 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)).

Petitioner argues that, despite his guilty plea, he is actually innocent of the offense because his conviction rests solely upon the out-of-court statements of the 10-year-old child, whose version of the events was coached, that the state unlawfully withheld the child's videotaped interview, that the videotaped interview is insufficient to support his conviction, that no reasonable juror would have found him guilty in light of the videotape, that his counsel was ineffective by failing to object to the videotape, and that, had he known about the videotape, he would have chosen to go to trial. Pet'r's Mem. at 11, 13-14, ECF No. 2. Although actual innocence, if proved, can overcome the statute of limitations, Petitioner waived his claims by entering a voluntary and knowing guilty plea to the offense.[5] *See McQuiggin,* 133 S. Ct. at 1928. *See also United States v. Vanchaik-Molinar,* 195 Fed. Appx. 262, 2006 WL 2474048, at *1 (5th Cir. 2006) ("A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea and precludes consideration of a claim challenging the sufficiency of the evidence."). Even assuming that *McQuiggin* applies in the context of a guilty plea, as a matter of federal constitutional law, a voluntary and knowing guilty plea is sufficient evidence, standing alone, to support a conviction. *Smith v. McCotter,* 786 F.2d 697, 702 (5th Cir. 1986). Moreover, the videotape was not "new evidence," and Petitioner's sister's affidavit,

---

[5] In Petitioner's first state habeas application, the state courts determined that Petitioner's guilty plea was knowingly, freely and voluntarily made. Admin. R., WR-74,521-02 at 35-36, 38-39, ECF No. 11-7. The Court defers to the state courts' findings and legal conclusions in this regard.

based on purported statements of the victim's mother made over five years after the crime was committed, is insufficient to refute Petitioner's guilty plea and falls short of persuasive, reliable evidence of Petitioner's innocence.

In summary, Petitioner's federal petition was due on or before September 25, 2012. Therefore, his petition filed on February 18, 2014, was filed beyond the limitations period and is untimely.

### III.  CONCLUSION

For the reasons discussed herein, the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as time-barred.  Further, for the reasons discussed herein, a certificate of appealability is DENIED.  All motions not previously ruled upon are DENIED.

**SO ORDERED** on this 14th of November, 2014.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**